IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

DEBORAH JEAN MADDEN,

        Defendant.
                                  /

No. CR 11-0879 SI

**FINAL PRETRIAL SCHEDULING ORDER**

On September 11, 2012, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning September 24, 2012. All parties were represented by counsel. The following matters were resolved:

1. **Trial schedule**: The parties expect that the case will take 4 days to complete. The Court does not hear trials on Fridays (although deliberating juries may continue their deliberations on Friday). The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 45 minute break at noon and a 15 minute break at 1:45 p.m., all times approximate.

2. **Number of jurors and challenges**: There shall be a jury of twelve members, plus 2 alternate jurors. The defendant shall have six peremptory challenges, the defendant shall have ten peremptory challenges, and each side shall have one additional peremptory challenge for the alternate.

3. **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 30 minutes total to question the panel. The parties will prepare a brief statement of the case to facilitate voir dire concerning pretrial publicity, and the Court will question jurors at sidebar concerning

details of their exposure to pretrial publicity.

**4. Jury instructions**: The Court received proposed jury instructions from both the defendant and the defendant. Defendant's version of the statement of the offense is incomplete, so the plaintiff's statement of offense instruction will be used. The Court defers ruling on defendant's proposed circumstantial evidence instruction, pending analysis of Ninth Circuit Model Instruction 3.8.

**5. Trial exhibits**: On the first day of trial, the plaintiff shall submit its trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with two sets (for the court and the witness) and one set shall be provided for defendant.

**6. Motions in limine**: Plaintiff filed two motions in limine. One (motion to preclude defendant's use of her prior statements) seeks to preclude defendant from introducing at trial her out-of-court statements, because they are hearsay. The motion is GRANTED, absent further order of court based on appropriate offer of proof. The second (motion to preclude invalid defenses and arguments) seeks to preclude defendant from referring to or arguing about consequences defendant may face, including sentencing; arguing or suggesting that embezzling only small quantities of narcotics is not illegal; and arguing or suggesting that defendant's substance abuse mitigates guilt. This motion is also GRANTED, absent further order of court based on appropriate offer of proof.

Defendant moves in limine to delay the trial, based on "the emergence of a *Kastigar* [*v. United States*, 406 U.S. 441 (1972)) issue." Defendant asserts that prior to convening the grand jury in this case, plaintiffs' counsel were aware of, although they did not see, read or have contact with, the transcript of defendant's immunized testimony in March and April 2011, in a prior state case. Defendant poses a number of questions, bearing on whether anyone in the United States Attorney's office used information prohibited by *Kastigar*, and requests a trial continuance and an evidentiary hearing. Plaintiff asserts, after investigation, that none of the investigators or prosecutors in this case has any knowledge of the contents of defendant's immunized testimony, and suggests that the prosecution's "duty to prove that the evidence it proposes to use is derived from a legitimate source wholly

independent of the compelled testimony" can be accomplished through affidavits or declarations, prior to trial. The Court agrees. The United States Attorney's Office is ordered to file and serve, no later than September 14, 2012, both: (1) declarations from the investigators and prosecutors on this case,[1] affirming that they have no knowledge of the contents of defendant's immunized testimony; and (2) declarations establishing the independent source of the evidence it proposes to offer at trial. Any challenge to the adequacy of plaintiff's showing shall be filed by defendant no later than September 19, 2012. The Court will evaluate and decide the matter prior to trial.

**7.** **Other matters**: At the pretrial conference, defendant requested that the plaintiff not refer to defendant's alleged actions as "embezzlement" or defendant's statement to investigators as a "confession," until closing argument. This request was GRANTED.

**IT IS SO ORDERED.**

Dated: September 11, 2012

_____
SUSAN ILLSTON
United States District Judge

---

[1] AUSA Haun, who is no longer working on this case, is out of the country at this time; her phone conversation with AUSA Hallie Mitchell may be summarized by Ms. Mitchell for present purposes.